# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Brian Jones (#Y-12248), | ) |
|    Plaintiff, | ) |
|   v. | ) Case No. 18 C 0716 |
| D. Trunzo, et al., | ) Judge Sharon Johnson Coleman |
|    Defendants. | ) |

## ORDER

Defendants' Motion to Dismiss the Second Amended Complaint [43] is denied without prejudice. Defendants must answer the second amended complaint by September 19, 2019.

## STATEMENT

Plaintiff Brian Jones, an Illinois prisoner, brought this *pro se* civil rights action under 42 U.S.C. § 1983 concerning events that occurred while he was in custody of the Cook County Department of Corrections. His initial complaint—received by the Court in an envelope post-marked January 26, 2018—alleged that correctional officers failed to protect him from assault by another inmate on January 27, 2016, and that the medical care he received for his injuries following the assault was deficient. Dkt. 1. Because the events underlying Plaintiff's claims involved different defendants, different governing law, and different evidence, the Court exercised its discretion to sever the claims. *See* Dkt. 6, 11.

In June 2018, the Court received from Plaintiff an amended complaint limited to a claim that correctional officers failed to protect him from assault in January 2016. *See* Dkt. 7. Plaintiff did not, however, identify proper defendants to his claim but, rather, identified the defendants only as "John Doe Sheriff deputy #1," "John Doe Sheriff deputy #2," "John Doe Sheriff deputy #3," and "John Doe Sheriff Sargeant." Dkt. 12, *see* Dkt. 11. Plaintiff did not identify the correctional officers by name until mid-January 2019, Dkt. 27, or nearly three years after the assault.

Before the Court is Defendants' Motion to Dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 43. Defendants argue that Plaintiff's claim against them is untimely because they were added as defendants after the statute of limitations had expired. The statute of limitations for an action under 42 U.S.C. § 1983 filed in Illinois is two years, *Woods v. Ill. Dep't of Children and Family Servs.*, 710 F.3d 762, 765-66 (7th Cir. 2013), and accrues when a plaintiff knows or has reason to know of the injury that is the basis of his claim, *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).

It is unusual, however, to dismiss a complaint as untimely at the pleading stage "since a complaint need not anticipate and overcome affirmative defenses, such as the statute of

limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). "[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). If "there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record." *Sidney Hillman Health Ctr. v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

Plaintiff contends in response to Defendants' motion that the statute of limitations was tolled while he exhausted administrative remedies, which he says took one year. He is correct. The Seventh Circuit has held that federal courts must toll the statute of limitations on claims brought under section 1983 while the inmate exhausts his administrative remedies. *See Kiebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). Courts also must accept as true, at this stage of the litigation, Plaintiff's assertion that it took him one year to exhaust available remedies. *See Kiebansowki*, 540 F.3d at 639. The Court need not inquire further.

The trend in this Court has been to defer reaching the relation-back issue until the parties have had an opportunity to develop the factual basis for their arguments. *See, e.g., Edwards v. David*, No. 15-cv-9086, 2017 WL 2653077, at *9 (N.D. Ill. June 20, 2017) (Dow, J.) (deferring consideration of relation-back issue pending further fact development); *Williams v. City of Chicago*, No. 14 C 6959, 2017 WL 1545772, at *3 (N.D. Ill. Apr. 28, 2017) (Alonso, J.) (same); *Clair v. Cook County*, No. 16 C 1334, 2017 WL 1355879, at *3-4 (N.D. Ill. Apr. 13, 2017) (Feinerman, J.) (same). This case is no different. Nothing on the face of Plaintiff's pleading addresses the factors this Court must considering in determining whether the addition of a party relates back to the filing of the original complaint. *See* Fed. R. Civ. P. 15(c). Without a properly developed record, the Court cannot resolve the issues presented by Defendants' motion.

Accordingly, Defendants' motion to dismiss is denied without prejudice.

Dated: 8/8/2019 /s/Sharon Johnson Coleman
Sharon Johnson Coleman
U.S. District Court Judge