# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 716 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Sharon Johnson Coleman |
| TRUNZO, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION PURSUANT TO *PAVEY V. CONLEY* FOR JUDGMENT ON THE ISSUE OF EXHAUSTION

NOW COME Defendants, Deputy D. Trunzo, A. Scafidi and D. Rodriguez, ("Defendants") by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, and through one of her assistants, Cory J. Cassis, submits this Motion pursuant to *Pavey v. Conley* for Judgment on the issue of exhaustion of administrative remedies, or alternatively, for dismissal due to fraud committed upon the Court. In support of this Motion, Defendants state as follows:

## INTRODUCTION

Plaintiff's lawsuit was filed pursuant to §1983 on January 31, 2018, alleging that that the Defendant officers failed to protect him, an inmate at the Cook County Jail ("CCJ"), from injury while he was cuffed to another inmate during an altercation that occurred on January 27, 2016 while aboard a transportation vehicle. (Dkt. 1). On January 29, 2019, Plaintiff filed his Second Amended Complaint, for the first time naming the officers who he alleges failed to protect him. (Dkt. 30). CCJ maintains a formal inmate grievance procedure which is available to detainees to seek review of a problem. (*See* Affidavit of John Mueller, attached hereto as Exhibit A, at ¶ 4). The rules and regulations, including inmate grievance procedure, is outlined in the Inmate

1

Information Handbook, which Plaintiff received upon his booking into CCJ. (See Inmate Information Handbook, Exhibit B pgs. 22-25; *see also* Plaintiff's signature page indicating he received a copy of the "rules and regulations." Exhibit C).

Under the Prison Litigation Reform Act[1] (42 U.S.C. § 1997(e)) ("PLRA"), a plaintiff must exhaust his or her administrative remedies prior to filing a Section 1983 lawsuit. 42 U.S.C. § 1997(e). Further, pursuant to the CCJ inmate grievance procedure, in order to exhaust administrative remedies, a detainee must file a grievance within fifteen days of the issue complained of, and, if he is dissatisfied with CCJ's response, appeal that response within fourteen days of its receipt. (Exhibit A ¶ 8; Exhibit B at pg. 24-25). This requirement is part of the CCJ grievance procedure and is expressly stated on the grievance forms themselves. (Exhibit A ¶ 8; *also see* Plaintiff's February 16, 2016 Grievance, Exhibit D).

In order to properly exhaust his administrative remedies, Plaintiff was required to timely file a grievance indicating the constitutional violation he is complaining of within 15 days of the occurrence, or by February 11, 2016, and then timely appeal the CCJ's response to the same. (Exhibit A ¶ 8; Exhibit D). Although Plaintiff did file one grievance regarding the event that occurred on January 26, 2016, his claims of exhaustion are deficient for the following reasons:

First, Plaintiff's grievance was not timely filed, as he did not file the grievance until February 16, 2016, 19 days after the occurrence. (Exhibit D). Second, although the purpose and content of Plaintiff's grievance was to request medical attention for alleged injuries, Plaintiff's Second Amended Complaint does not allege a denial of, or indifference to, the desire for medical attention, but rather, it complains of a failure to protect- something he declined to grieve about.

---

[1] The PLRA applies in this case because Plaintiff was a prisoner at the time he filed this lawsuit. *See Witzke v. Femal*, 376 F. 3d 744, 750 (7th Cir. 2004).

Further, on April 11, 2019, Defendants filed their Motion to Dismiss pursuant to 12(b)6. (Dkt.42). In his hand written and signed Response brief, Plaintiff stated the reason why his complaint should not barred by the Statute of limitations is "[b]ecause Plaintiff did not exhaust administrative remedies until a year after the incident which is the subject of his Complaint." (Dkt. 43, ¶6). However, it is abundantly clear that Plaintiff only filed one grievance during his time at the Cook County Jail, on February 16, 2016, which was characterized as a "non-grievance" since it was not filed timely, and accordingly was not appealed. (Exhibit A ¶¶ 15-18; Exhibit D; see also the attached spreadsheet of Plaintiff's grievances, Exhibit E, and spreadsheet of Plaintiff's non-grievances, Exhibit F). Because the grievance untimely, it was therefore considered a non-grievance and could not be appealed. Therefore, it must follow that Plaintiff has committed fraud upon the Court when he argued that it took him a year to exhaust administrative remedies, thereby allowing him to toll the statute of limitations, when he in fact that was absolutely not true.

Accordingly, this Honorable Court should find that Plaintiff failed to exhaust his administrative remedies and enter judgment on the issue of exhaustion of administrative remedies, pursuant to the Seventh Circuit's decision in *Pavey v. Conley*, 544 F. 3d 739 (7th Cir. 2008), or in the alternative, dismiss this lawsuit due to Plaintiff's fraud upon the Court, which is intertwined with his failure to exhaust, and further confirms this matter is time-barred.

**STANDARD OF REVIEW**

The purpose of the PLRA is "[to] afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires proper exhaustion; that is, before filing a

civil rights lawsuit, the inmate must file a grievance utilizing the applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). The applicable procedural rules are defined not by the PLRA, but by the prison grievance process itself. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The Seventh Circuit has taken a "strict compliance" approach to exhaustion. *See Dole v. Chandler*, 438 F. 3d 804, 808 (7th Cir. 2006) ("A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted."); *see also Lewis v. Washington*, 300 F. 3d 829, 833 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). An inmate's ignorance of the proper grievance procedure does not excuse non-compliance with that procedure. *McSwain v. Schrubbe*, 382 Fed. Appx. 500, 503 (7th Cir. 2010); see also *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007)("when a prisoner causes the unavailability of the grievance process by simply not filing in a timely manner, the process is not unavailable, but forfeited.")

For this reason, a determination of whether a prisoner has exhausted all administrative remedies should be decided at the outset of the litigation. *See Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *see also Perez v. Wisconsin Dep't of Corrections*, 182 F. 3d 532, 535 (7th Cir. 1999) ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment").

In *Pavey,* the Seventh Circuit set forth the following guidelines for such an inquiry:

(1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion (and only to exhaustion) he deems appropriate.

4

> (2) If the judge determines that the prisoner did not exhaust his administrative remedies, he will then determine whether (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

# ARGUMENT

## I. Plaintiff's Grievance

In his Second Amended Complaint, filed on January 29, 2019, Plaintiff alleges that correctional officers at Cook County Jail failed to protect him from being attacked by other inmates. (Dkt 30). Specifically, Plaintiff alleges that he told Defendant Rodriguez he was concerned he may be injured if he was handcuffed to a "gang-member that was marked for another assault," yet Rodriguez still ordered him to do so with threats of violence. (Dkt. 30, ¶¶ 11-13). Plaintiff also alleges that he spoke to Defendants Trunzo and Scafidi about the situation and his concerns, yet Trunzo and Scafidi yelled at him to board the bus and shoved him on. (Id. ¶16-17). As a result of Defendants' alleged "deliberate indifference to a substantial risk to the Plaintiff's safety," Plaintiff asserts, his rights were violated by Defendants, he was injured by other inmates, and was taken for medical treatment where he was prescribed "prescription pain medication." (Id. ¶ 19-23).

### A. The Grievance was Untimely

Upon receipt of an inmate grievance form, the CRW, Inmate Services Supervisor, or Correctional Supervisor signs and dates the form and immediately provides the inmate with a

5

copy of the submitted grievance. (Exhibit A ¶ 10). The grievances are logged in the Inmate Grievances database. (Exhibit A ¶ 11, Exhibit E-F). Plaintiff filed his grievance on February 16, 2016, and although he wrote February 11, 2016 on the grievance, the signature date and stamp show otherwise. (Exhibit D). Because the grievance was not timely filed, it was categorized as a "non-grievance," which per the grievance form, instructs Plaintiff to wait 15 days and receive a control number by re-submitting the issue, provided he is not satisfied with the response he received. (Exhibit A ¶ 17; Exhibit D, F). Plaintiff's failure to file his grievance timely means that he did not appeal the response, which instructed him to fill out a health care request form to request medical treatment. (Exhibit. D). Because Plaintiff failed to timely file his grievance and did not appeal, he has not exhausted his administrative remedies as required, pursuant to *Pavey*. Therefore, Judgment on the issue of exhaustion must be entered for the Defendants.

### B. The Sole Grievance Does Not Relate to the Complaint

Plaintiff's Complaint is solely premised upon an alleged failure to protect by the Defendants. (Dkt. 30). While the one and only grievance filed by Plaintiff tells the story of how he was injured, pointing out that officers "never attempted to stop and break up the attack," the purpose of the grievance is to complain about his medical condition and request further treatment. (Exhibit D). In the grievance itself, Plaintiff states that after he was treated at the hospital for a "sore shoulder, sore elbow, and a sprained wrist," he was given a prescription for 1000mg of Tylenol for his pain, but was not given any pain medication when he came back to the jail, had to wait two days before he was given more medication, and was not permitted to go to Cermak. (*Id*.). In the section of the grievance which asks: "ACTION THAT YOU ARE REQUESTING, THIS SECTION MUST BE COMPLETED," Plaintiff wrote "I am requesting

to have my wrist further examined and wrapped appropriately and I would like some stronger pain medications because my wrist still hurts like hell." (*Id*).

The grievance form states in no unclear language "Only one (1) issue can be grieved per form." (*Id*.). While Plaintiff's grievance may include facts indicating how he was injured, the grievance itself is not one directed toward the alleged failure to protect, rather, it is unquestionably a medical grievance which exclusively requests medical attention for his wrist and stronger medication. When Plaintiff filed his Second Amended Complaint, nowhere does he allege that he was denied medical treatment or that the Defendants were otherwise indifferent to his medical needs. (Dkt. 30). Instead, Plaintiff alleges the Defendants failed to protect him, and asks for damages as a result of their failure to protect. (*Id*). Not only was Plaintiff's grievance untimely and lacking an appeal, but it further addressed an entirely different topic than that which he complains of in his legal suit.

Even if this Honorable Court were to find that Plaintiff was somehow prevented from timely filing his grievance, it does not follow that Plaintiff was denied the opportunity to ever do so. Rather, Plaintiff did ultimately file a grievance stemming from his occurrence, and it specifically requested medical relief. (Exhibit D). At no point did he file any other grievances, timely or otherwise, complaining of or requesting relief based upon his failure to protect allegations. (Exhibit A ¶¶ 16-18; Exhibit E-F).

Although Plaintiff seeks money damages in this lawsuit, "exhaustion is necessary even if the inmate is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole*, 438 F. 3d at 808-809. Because Plaintiff is and was a prisoner at the time of filing, Plaintiff was required to exhaust his administrative remedies under the CCJ inmate grievance procedure

7

before filing this lawsuit. *See Pavey*, 544 F. 3d at 740-741; *see also Witzke*, 376 F. 3d at 750. Ultimately, because Plaintiff did not exhaust his administrative remedies, this lawsuit should be dismissed pursuant to *Pavey v. Conley*, 544 F. 3d at 742 (7th Cir. 2008).

Because Plaintiff's Grievance was not timely filed, was not appealed, and is directed toward medical complaints rather than the failure to protect claim which is alleged in his Complaint, this Honorable Court should find that Jones failed to exhaust his administrative remedies and grant Judgment in favor of Defendants on the issue of exhaustion pursuant to the Seventh Circuit's decision in *Pavey v. Conley*, 544 F. 3d 739 (7th Cir. 2008).

## II. Fraud on the Court

On April 11, 2019, Defendants file their Motion to dismiss Plaintiff's Second Amended Complaint, premised upon a statute of limitations argument. (Dkt. 43). Defendants argued, in brief, that the occurrence which gave rise to this litigation occurred on January 27, 2016, and although Plaintiff initially mailed his first Complaint on January 26, 2018, he failed to identify the officers of whom he complained, instead simply naming John Doe and Jane Doe Defendants. (Dkt. 1). When Plaintiff filed his Second Amended complaint on January 29, 2019 (mailed on January 11, 2019) he for the first time disclosed the identity of the Defendant Officers, Trunzo, Scafidi, and Rodriguez. (Dkt. 30). Defendants asserted in their motion that Plaintiff's claim was time-barred because Plaintiff had not named the officers until more than three years after the occurrence, well beyond that permitted by Illinois' two-year statute of limitations. (Dkt. 43, 50).

In his response, Plaintiff successfully argued that it *took him a year to exhaust administrative remedies*, and therefore, the two year statute of limitations must be tolled accordingly. Specifically Plaintiff stated:

> **4. Because the Plaintiff is a prisoner, he could not immediately file his compliant because the PLRA requires that before a prisoner can file a complaint that he must first exhaust his administrative remedies before a complaint can be filed.**
>
> **5. Because Plaintiff could not have legally filed his compliant until after exhaustion was completed or attempted to complete.**
>
> **6. Because the Plaintiff did not exhaust his administrative remedies until a year after the incident which is the subject of his complaint the Plaintiffs amended complaint was filed within the statute of limitations.**

(Dkt. 48, pg. 2).

These responses incorrectly assert two arguments which helped him circumvent the two-year statute of limitations: 1.) that Plaintiff did in fact exhaust administrative remedies, and 2. that it took him a year to do so.

However, an inspection of Plaintiff's records from the CCJ shows that Plaintiff only filed one grievance: that from the January 26, 2016 occurrence. (Exhibit A ¶15-18, Exhibit D-F). As discussed above, the grievance is identified as a non-grievance because it was filed more than 15 days after the occurrence and therefore untimely. (Exhibit A ¶17, Exhibit D). Plaintiff's failure to timely file a grievance meant that the response was never appealed, confirming that Plaintiff unequivocally failed to exhaust his administrative remedies. Yet, when responding to

Defendant's Motion to Dismiss, Plaintiff intentionally misstated the facts in his brief, which he signed and filed with the Court, arguing that took him a year to exhaust administrative remedies. (Dkt. 48 pg. 2).

Because Plaintiff never filed an appeal, never exhausted administrative remedies, and intentionally misled the Court by stating that the statute of limitations should be tolled because it took him year to exhaust administrative remedies when all evidence clearly leads to no such conclusion, are altogether improper, and must result in Judgment for the Defendants.

## CONCLUSION

WHEREFORE, Defendants request that this Honorable Court grant Defendants' motion for failure to exhaust administrative remedies pursuant to *Pavey v. Conley*, 544 F. 3d 739 (7th Cir. 2008), or alternatively, dismiss Plaintiff's Second Amended Complaint with prejudice for intentionally misleading the Court on the issue of exhaustion while responding to the Motion to Dismiss, for any other relief that this Honorable Court deems necessary and just.

Respectfully Submitted, Kimberly M. Foxx

State's Attorney of Cook County

By: */s/ Cory J. Cassis*
    Cory J. Cassis
    Assistant State's Attorney
    Richard J. Daley Center
    50 West Washington, Room 500
    Chicago, IL 60602
    (312) 603-3304

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on this 20th Day of November, 2019.


                                              */s/ Cory J. Cassis*
                                              Cory J. Cassis